UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AJ and JODI OCHOA, individually and the marital community composed thereof, A&C LAND COMPANY LLC, a Washington limited liability company, and AJ OCHOA CORPORATION, a Washington corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>INDUSTRIAL VENTILATION INC, an Idaho corporation,<br><br>　　　　　　Defendant. | NO. 2:18-CV-0393-TOR<br><br>ORDER DENYING MOTION TO VACATE TRIAL |

BEFORE THE COURT are Defendant's Motion to Vacate Trial (ECF No. 52) and associated unopposed Motion to Expedite (ECF No. 53). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below,

ORDER DENYING MOTION TO VACATE TRIAL ~ 1

Defendant's Motion to Vacate Trial (ECF No. 52) is DENIED and Motion to Expedite (ECF No. 53) is GRANTED.

## DISCUSSION

Defendant seeks to vacate the trial date and to reset a number of pretrial deadlines to correspond to a new trial date, including a number of deadlines which have already passed. ECF No. 52 at 2-3. A scheduling order may be modified for "good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Defendant represents that a COVID-19 outbreak at its Pasco office has contributed to delays in this case, and that additional time is needed to depose Plaintiffs' witnesses. ECF No. 52 at 5-9. Plaintiffs respond that Defendant has failed to take advantage of numerous opportunities to depose Plaintiffs' witnesses, including before the COVID-19 outbreak began, and that Defendant's counsel has not been responsive to Plaintiffs' offers to make witnesses available for

1  depositions. ECF No. 55 at 3-6; ECF No. 56. Plaintiffs also represent that they
2  have provided deposition designations, witness lists, and exhibits to Defendant in
3  compliance with the existing Scheduling Order, and that Defendant has not
4  complied with these deadlines. ECF No. 55 at 7. The Court appreciates that the
5  COVID-19 pandemic has created significant logistical challenges for litigants
6  generally and has had a substantial impact on Defendant's business operations.
7  However, the outbreak in Defendant's office does not justify Defendant's and
8  Defendant's counsel's historical lack of diligence in trying to coordinate
9  depositions, in person or by video, on the numerous occasions on which those
10 depositions have been offered, or to address pretrial deadlines before they have
11 passed. Moreover, an extension of pretrial deadlines and the trial date would
12 prejudice Plaintiffs, who have already complied with the deadlines and given
13 Defendant insight into their trial strategy. The Court finds at this time that
14 Defendant has not shown good cause to modify the Scheduling Order.

15     Plaintiffs concede that, despite Defendant's lack of diligence, they are
16 willing to permit Defendant to take the depositions of AJ Ochoa, Jerry Laramore,
17 Robert Bambino, Stu Turner, and Melanie Lewis. ECF No. 55 at 3. The parties
18 may pursue these depositions by stipulation, but the Court declines to reset the trial
19 date to accommodate this continued discovery.

20

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate Trial (ECF No. 52) is DENIED. Aside from the depositions discussed above, Defendant is ordered to come into compliance with all expired pretrial deadlines in the Second Amended Jury Trial Scheduling Order (ECF No. 43) within seven days of the date of this Order.

2. Defendant's Motion to Expedite (ECF No. 53) is GRANTED.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** August 18, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE TRIAL ~ 4